# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SULLIVAN,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION AND TRICAM INDUSTRIES, INC.,<br><br>Defendants. | Case No. 1:17-cv-00959-EPG<br><br>**ORDER ON MOTIONS *IN LIMINE* AFTER HEARING**<br><br>(ECF Nos. 44, 45, 46, 50) |

Plaintiff, Christopher Sullivan, commenced this products liability action against Costco Wholesale Corporation ("Costco") and Tricam Industries, Inc. ("Tricam") (collectively, "Defendants") in the Superior Court for the County of Fresno on July 18, 2017. (ECF No. 2.) Defendants removed the action to this court under diversity jurisdiction on July 18, 2017. (ECF Nos. 1, 2.) Plaintiff alleges that on January 2, 2016, he sustained injuries when he fell while using a step stool designed, manufactured, marketed, and distributed by Tricam and sold by Costco. (ECF No. 2.)

On June 29, 2018, Defendants filed a motion for summary judgment and to exclude expert testimony. (ECF No. 22.) The motion was heard and decided by Chief Judge Lawrence O'Neill on August 23, 2018. (ECF No. 29). The court dismissed Plaintiff's claims for breach of express and implied warranties, but denied the remainder of the motion. *Id.*

This case is set for trial on January 8, 2019.[1] (ECF No. 42.) The parties have filed competing motions in limine. (ECF Nos. 44, 45, 46, 50.) The Court held a motion hearing on the parties' motions in limine on December 21, 2018. For the reasons stated on the record during the hearing, the motions in limine are granted in part and denied in part as follows:

**I. Plaintiff's motion *in limine* No. 1: Evidence that Plaintiff inquired about, sought out, or requested a prescription for marijuana from any healthcare provider: Granted.**

Plaintiff's motion *in limine* No. 1 is granted. Defendants' objection that the evidence is relevant and probative is overruled.

**II. Plaintiff's motion *in limine* No. 2: Evidence that Plaintiff received treatment for any cardiovascular issue(s): Denied.**

Plaintiff's motion *in limine* No. 2 is denied. Defendants' objection that the evidence is relevant and sufficiently probative is sustained.

**III. Plaintiff's motion in limine No. 3: Evidence, Testimony, Attorney Argument or Other Comments Regarding the Twenty-Nine (29) Photographs Depicting the Accident Scene: Granted in part.**

Plaintiff's motion *in limine* No. 3 is granted as to the following photographs: ECF No. 50-2 at 2, 3, 24, 25, 26, 27, and 28. These photographs are excluded, and Defendants' objections to exclusion of these photographs is overruled.

Plaintiff withdrew objection to the following photographs, which may be admitted into evidence at trial: ECF No. 50-2 at 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 29, and 30.

**IV. Defendants' motion *in limine* No. 1: Evidence related to ANSI A 14.11 Safety Standard: Denied.**

Defendant's motion *in limine* No. 1 is denied, and Plaintiff's objection that the evidence is relevant and sufficiently probative is sustained.

**V. Defendants' motion *in limine* No. 2: Evidence Related to a Certain "Side Load Test" of an Exemplar Ladder Conducted by Plaintiff's Engineering Expert: Granted.**

Defendants' motion *in limine* No. 2 is granted, and Plaintiff's objection that the evidence was timely disclosed is overruled.

\\\
\\\

---

[1] Both parties have consented to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c)(1). (ECF Nos. 38, 40.)

**CONCLUSION**

For the reasons stated on the record,

1. Plaintiff's motion *in limine* No. 1 (ECF No. 44) is granted; Plaintiff's motion *in limine* No. 2 (ECF No. 44) is denied; and Plaintiff's motion *in limine* No. 3 (ECF No. 50) is granted in part, as discussed above.
2. Defendants' motion *in limine* No. 1 (ECF No. 45) is denied; and Defendants' motion *in limine* No. 2 (ECF No. 46) is granted.

IT IS SO ORDERED.

Dated: **December 21, 2018**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE