**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

CHRISTOPHER SULLIVAN,

            Plaintiff,

     v.

COSTCO WHOLESALE CORPORATION
AND TRICAM INDUSTRIES, INC.,

            Defendants.

Case No. 1:17-cv-00959-EPG

**ORDER SUSTAINING OBJECTIONS
IN PART AND AWARDING COSTS**

(ECF Nos. 99, 101)

## I.    INTRODUCTION AND BACKGROUND

In this product liability action, Christopher Sullivan ("Plaintiff") alleges that he sustained injuries when he fell while using a stepstool designed and manufactured by Tricam Industries, Inc. and distributed by Costco Wholesale Corporation (collectively, "Defendants"). (ECF No. 2.) On January 8, 2019, the action came before the Court for a jury trial. (ECF No. 78.) On January 14, 2019, the jury returned a verdict for Defendants, (ECF No. 89), and the Clerk of the Court entered Judgment on January 18, 2019, (ECF No. 96).

On January 31, 2019, Defendants submitted a Bill of Costs, requesting that the clerk tax costs against Plaintiff in the amount of $7,444.93. (ECF No. 99.) Defendants seek taxable costs incurred for: (1) clerk's fees; (2) service of subpoenas; (3) printed or electronically recorded transcripts; (4) witnesses; (5) exemplification and copying; and (6) docket fees. *Id.*

Plaintiff filed Objections to the Bill of Costs on February 8, 2019, arguing that the costs are unnecessary and unreasonable. (ECF No. 101.) Defendants requested a hearing on the Objections, (ECF No. 103), but failed to appear for the hearing, (ECF No. 104).

For the reasons set forth below, this Court sustains Plaintiff's objections in part, and awards costs to Defendants in the amount of $3,110.23.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides, in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule creates a presumption that costs will be taxed against the losing party, but "vests in the district court discretion to refuse to award costs" if the losing party shows why costs should not be awarded. *Ass'n of Mexican–Am. Educators v. State of California*, 231 F.3d 572, 591–92 (9th Cir. 2000) (en banc). "Although a district court must 'specify reasons' for its *refusal* to tax costs to the losing party [the Ninth Circuit has] never held that a district court must specify reasons for its *decision* to abide the presumption and tax costs to the losing party." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (internal citations omitted) (emphasis in original).

28 U.S.C. § 1920 generally defines the expenses that may be taxed as costs under Rule 54(d). *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). Pursuant to 28 U.S.C. § 1920, a judge or court clerk may tax as costs: fees for printed or electronically recorded transcripts necessarily obtained for use in the case; fees and disbursements for printing and witnesses; fees for copies of necessary papers; docket fees, and compensation of court appointed experts. 28 U.S.C. § 1920; *see also* E.D. Cal. L.R. 292(f).

## III.    DISCUSSION

### A.  Service of Subpoena on CSAA Insurance Exchange

Defendants seek to recover $103.00 in costs for service of a subpoena *duces tecum* on Plaintiff's employer, CSAA Insurance Exchange. Plaintiff argues that service of the subpoena was unnecessary because the materials sought were duplicative of materials and information produced by Plaintiff.

The Court agrees. Plaintiff claimed lost wages in connection with three weeks of missed work immediately after his fall of January 2, 2016, and 63 hours after his related left shoulder surgery in 2016. Plaintiff included pay slips reflecting these lost wages as part of his Rule 26 initial disclosures. The service of the subpoena was therefore unnecessary.

Thus, Plaintiff's objection is sustained.

### B. Fees for Service of Subpoena on Bill Lamonica

Defendants seek to recover $445.00 in costs for attempted service of a deposition subpoena on Bill Lamonica. Plaintiff argues that the attempted service of the deposition subpoena was unnecessary because Mr. Lamonica was never served. Instead, Plaintiff's counsel informed Mr. Lamonica of the date and time of the deposition. Plaintiff also argues that the $175.00 incurred for rush/next day service is unreasonable because Defendants' untimely request necessitated the cost.

The Court agrees that the costs for rush delivery service should not be taxed. However, the Court disagrees that attempting to serve Mr. Lamonica with the deposition subpoena was unnecessary. Mr. Lamonica was a witness in the case and appeared at trial. Defendants' efforts to subpoena Mr. Lamonica, although ultimately unproductive, were necessary.

Thus, Plaintiff's objection is sustained in part. *See Rhodehouse v. Ford Motor Co.*, No. 216CV01892JAMDMC, 2019 WL 699947, at \*2 (E.D. Cal. Feb. 20, 2019) (declining to tax costs for rush service charges).The Court thus reduces the taxable costs for service of the subpoena by $175.00.

### C. Fees for Electronically Recorded Deposition Transcripts

Defendants seek to recover $585.45 in costs for video recording the depositions of Bill Lamonica and James Silverthorne, M.D. Plaintiff asserts that the costs associated with these video recordings are not recoverable under 28 U.S.C. § 1920 or E.D. Cal. L.R. 292, and that the video recordings were not necessarily obtained for use in this trial.

Court reporter's fees and costs related to depositions necessarily obtained for use in the case are recoverable. *See* E.D. Cal. L.R. 292(f)(3); 28 U.S.C. § 1920(2). Nevertheless, to recover, "the prevailing party must demonstrate that a videotaped copy of the deposition was necessary." *Weco Supply Co. v. Sherwin-Williams Co.*, 2013 WL 56639, at \*5 (E.D. Cal. Jan. 3, 2013). Here,

Defendants do not explain why they needed to videotape the depositions of Mr. Lamonica and Dr. Silverthorne, and therefore fail to demonstrate that the video recordings were necessarily obtained for use in this case.

Thus, Plaintiff's objection is sustained.

### D. Fees for Multiple Printed and Electronically Recorded Deposition Transcripts

Defendants seek to recover $334.5 in costs for three transcripts of the deposition of James Silverthorne M.D.: (1) a full version, (2) a condensed version, and (3) an electronic version. Plaintiff contends that the language of 28 U.S.C. § 1920(2) limits recovery of costs to either a printed *or* an electronically recorded transcript. Plaintiff argues that while the cost for the original transcript, and a copy is reasonable, the $51.00 charge for additional transcripts is redundant, unnecessary, and therefore unreasonable.

"Neither § 1920(2) nor Rule 292 of the Local Rules for the Eastern District of California, specifies the permissible number of copies a party may include in a Bill of Costs." *Thein v. Feather River Cmty. Coll.*, No. 2:06-CV-1777 KJM GGH, 2013 WL 4012637, at *3 (E.D. Cal. Aug. 6, 2013). In this District, courts have declined to tax the costs of transcripts that are merely provided for the convenience of the attorneys. *See id.* (allowing costs for only original where party did not show that copy was necessarily obtained for use in action); *Oyarzo v. Tuolumne Fire Dist.*, No. 1:11-CV-01271-SAB, 2014 WL 1757217, at *8 (E.D. Cal. Apr. 30, 2014) (denying costs for video depositions where prevailing party did not show "that video recording the depositions was 'necessarily obtained' for use in this trial, rather than merely for the convenience of counsel"); *Cargill Inc. v. Progressive Dairy Solutions, Inc.*, No. 1:07–cv–0349–LJO–SMS, 2008 WL 5135826, at *4 (E.D.Cal. Dec.8, 2008) (allowing for two copies of deposition transcript where one was complimentary); *McKesson Info. Solutions, Inc. v. Bridge Med.*, Inc., No. civ. S–02–2669 FCD KJM, 2007 WL 1139557, at *1 (E.D.Cal. April 17, 2007) (cost of deposition transcript were divided in half where two copies were provided).

Here, Defendants have not shown why the condensed version and the electronic version of the deposition transcript were "necessarily obtained" for use in this case, rather than merely for the convenience of counsel. Thus, Plaintiff's objection is sustained, and the Court reduces the taxable

1  costs for the deposition transcript by $51.00 to $283.50.

2  E. Fees for Exemplification and Copying

3  Defendants seek to recover $1,690.00 in costs for twenty-seven 32" x 40" color exhibit

4  boards that were used at trial. Plaintiff contends these exhibit boards were duplicative of exhibits

5  previously produced and not necessary for use in this case.

6  Defendants also seek to recover $1,730.25 for copying costs of various materials for use at

7  trial and for witness preparation. Plaintiff contends these costs are not sufficiently described by

8  Defendants to allow the court to determine whether these costs are recoverable, and may include

9  costs for copies made in-house and for convenience of counsel.

10  28 U.S.C. § 1920(4) enables the Court to allow copying costs for any document "necessarily

11  obtained for use in the case." "Recovery is allowed for costs of copies reasonably and necessarily

12  procured in connection with discovery and use in presenting arguments and evidence to the Court,

13  but not for in-house copying made for the convenience of counsel." *Royal Specialty Underwriting v.*

14  *Himax Furniture Indus. Corp.*, No. 03-6586, 2005 U.S. Dist. LEXIS 28712, at *16 (E.D. Cal. Nov.

15  17, 2005).

16  "The costs of demonstrative exhibits, including visual aids used at trial, are permitted as 'fees

17  for exemplification and copies of papers necessarily obtained for use in the case.'" *Robinson v. Kia*

18  *Motors Am., Inc.*, No. 2:10-CV-03187-SOM, 2016 WL 4474505, at *6 (E.D. Cal. Aug. 25, 2016)

19  (quoting 28 U.S.C. § 1920(4)); *see also*, *Jo Ann Howard & Assocs., P.C. v. Cassity*, 146 F. Supp. 3d

20  1071, 1086 (E.D. Mo. 2015) ("Demonstrative exhibits fall within the ambit of 'exemplification'

21  under the Court's plain language interpretation of the term" in 28 U.S.C. § 1920(4) (citation

22  omitted)). "[E]ven if the demonstrative exhibits qualify as an exemplification, they must still have

23  been 'necessarily obtained.'" *Jo Ann Howard & Assocs., P.C.*, 146 F. Supp. 3d at 1086 (citations

24  omitted).

25  Here, Defendants have not shown that the demonstrative exhibits were necessarily obtained

26  for use in the case. Defendants could have presented these exhibits to the jury free of charge via the

27  electronic display system in the courtroom. *See id*. at 1087 (denying costs for demonstrative exhibits

28

1  in part because "they could have been presented to the jury free of charge via the electronic display

2  system in the courtroom").

3      Defendants also fail to demonstrate that the various materials copied were necessarily

4  obtained for use in this case. Defendants support their request for copying costs with a production

5  summary report. The report lists various reproduction entries, but fails to describe the documents

6  copied, the use of or intended purpose for the items copied, or the cost per page. A number of entries

7  indicate "In-House Reproduction" which suggests they were simply copies made for the

8  convenience of counsel. This production summary report is not sufficient to show that the copies

9  made were necessarily obtained for use in this case. *See, e.g.*, Robinson, 2016 WL 4474505, at *5

10  ("The spreadsheet submitted by [the prevailing party] in support of its photocopying costs does not

11  provide sufficient detail to show that any of the photocopies it made were necessarily incurred.").

12  The Court also notes that Plaintiff created the joint trial exhibit binders used by both parties at trial

13  and was responsible for copying all the exhibits included.

14      Thus, Plaintiff's objection is sustained.

15  **IV.    CONCLUSION AND ORDER**

16      Based on the foregoing, the Court awards costs to Defendants, and against Plaintiff, in the

17  amount of $3,110.23 ($696.38 for fees of the clerk, $327.92 for fees for service of subpoenas,

18  $1,830.80 for fees for printed or electronically recorded transcripts, $235.13 fees for witness, and

19  $20.00 for docket fees).

20

21  IT IS SO ORDERED.

22      Dated:    **March 13, 2019**                    /s/ *Erica P. Grosjean*

23                                              UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

6